CHANDLER, Justice,
concurring in part and in result:
¶ 63. I respectfully concur in part and in the result. In Anderson v. State, 62 So.3d 927 (Miss.2011), I wrote separately to express my opinion that Dr. Matherne’s fist-demonstration methodology does not meet the modified Daubert standard for admissibility of expert testimony under Rule 702 of the Mississippi Rules of Evidence. See Miss. Transp. Comm’n v. McLemore, 863 So.2d 31, 39 (Miss.2003) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). As in Anderson, I believe the trial court abused its discretion by finding the fist demonstration methodology was reliable and admissible. But, because the admission of the fist-demonstration testimony was harmless in light of the overwhelming evidence of Bateman’s guilt of sexual battery, I concur -with the majority’s decision to affirm Bateman’s convictions.
¶ 64. Rule 702 provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may .testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
M.R.E. 702. This Court has adopted the modified Daubert standard for admissibility of expert testimony. McLemore, 863 So.2d at 39. Before admitting expert testimony, the trial court, acting as “gatekeeper,” must find that the expert testimony is both relevant and reliable. Id. at 38. The reliability analysis focuses on the principles and methodology underlying the expert opinion, not on the conclusions generated. Id. at 37.
¶ 65. Daubert provided a list of illustrative, but not exhaustive, factors that may be considered to assess the reliability of proffered expert testimony. McLemore, 863 So.2d at 37 (citing Daubert, 509 U.S. at 592-94, 113 S.Ct. 2786). These factors are:
whether the theory or technique can be and has been tested; whether it has been subjected to peer review and publication; whether, in respect to a particular technique, there is a high known or potential rate of error; whether there are standards controlling the technique’s operation; and whether the theory or technique enjoys general acceptance within a relevant scientific community.
McLemore, 863 So.2d at 37 (citing Daubert, 509 U.S. at 592-94, 113 S.Ct. 2786). *635 The applicability of these factors in a particular case “depends on the nature of the issue, the expert’s particular expertise, and the subject of the testimony.” McLemore, 863 So.2d at 37 (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137, 151, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)). The trial court should consider the. Daubert factors “where they are reasonable measures of the reliability of expert testimony.” McLemore, 863 So.2d at 37 (quoting Kumho Tire, 526 U.S. at 152, 119 S.Ct. 1167).
¶ 66. At the Daubert hearing, Dr. Matherne, a clinical psychologist, testified that he conducts forensic interviews of alleged child sex-abuse victims for the purpose of assisting the Department of Human Services in investigating abuse allegations. Dr. Matherne testified that he has been in practice for more than forty years and he investigates about seventy-five allegations of child sex abuse per year. Dr. Matherne testified that he personally developed the fist-demonstration methodology and incorporated it into his interviewing technique. He testified that the fist demonstration allows the child to replicate the event in terms of whether there was any degree of penetration; this information is used to determine whether a physical examination is necessary. Dr. Matherne testified that the fist demonstration is an “information-gathering technique” that is “extremely effective.” He admitted that the technique has not been subjected to peer-review or publication, and because it is not a test, there is no known rate of error. However, Dr. Matherne testified that, in his personal observation, the medical examination tended to validate the information the child provided in the fist demonstration. The defense called another psychologist, Dr. Beverly Smallwood, who testified that she had never heard of the fist-demonstration methodology and had been unable to find any publication that addressed it.
¶ 67. Relying on Anderson, the trial court found that the technique was reliable and admissible. At the trial, Dr. Math-erne testified that the'fist demonstration is the “most advantageous way” of getting a child to demonstrate what she remembers happened. He testified that, during Rene’s fist demonstration, she had inserted her finger all the way into her closed fist. Dr. Matherne testified that “she was disclosing that there was penetration and that the penetration was deep.” Bateman argues that the fist-demonstration evidence was unreliable, and that it was the only evidence of penetration that supported his conviction of sexual battery of Rene.
¶ 68. The majority finds that Dr. Math-erne’s testimony was reliable, despite its failure to meet the Daubert factors, stating that “failure to meet the Daubert principles does not automatically render an expert’s. testimony inadmissible.” Maj. Op. ¶ 32. But analysis of this issue should not end there. “[Wjhether testimony is based on professional studies or personal experience, the ‘gatekeeper’ must be certain that the expert exercises the same level of ‘intellectual rigor that characterizes the practice of an expert in the relevant field.’ ” McLemore, 863 So.2d at 37-38 (quoting Kumho Tire, 526 U.S. at 152, 119 S.Ct. 1167). “[Njeither Daubert nor the Federal Rules of Evidence requires that a court ‘admit opinion evidence that is connected to existing data only by the ipse dixit of the expert,’ as self-proclaimed accuracy by an expert [is] an insufficient measure of reliability.” McLemore, 863 So.2d at 37 (quoting Kumho Tire, 526 U.S. at 157, 119 S.Ct. 1167).
¶ 69. The majority casts reliability concerns aside by finding that the fist demonstration is “only a form of information *636 gathering.” But most scientific testing is a form of information-gathering. A forensic interviewer gathers information from an alleged child sex-abuse victim through the use of techniques designed to minimize the danger of misreporting. See, e.g., Mooneyham v. State, 915 So.2d 1102, 1107 (Miss.Ct.App.2005) (Chandler, J., specially concurring). Therefore, the fact that the fist-demonstration methodology is a form of information gathering does not remove it from the strictures of Daubert. While forensic interviewing techniques are not subject to testing and determining a rate of error, other Daubert factors are helpful in determining the reliability of such a technique. These are (1) whether the technique has been subjected to peer review and publication, (2) whether there are standards controlling the technique’s operation, and (3) whether the technique enjoys general acceptance in the relevant scientific community.
¶ 70. Our courts have established that forensic interviewing is a field that is controlled by generally accepted standards. Young v. State, 106 So.3d 811, 818 (Miss.Ct.App.2011); Carter v. State, 996 So.2d 112, 117 (Miss.Ct.App.2008); Williams v. State, 970 So.2d 727, 735 (Miss.Ct.App.2007); Lattimer v. State, 952 So.2d 206, 221 (Miss.Ct.App.2006). But the fist demonstration exists outside of these standards — it is purely a creation of Dr. Math-erne’s that has not been subjected to peer review and publication, does not enjoy general acceptance in the psychology community, and is not subject to any standards controlling its operation, save those known only to Dr. Matherne. “[S]elf-proclaimed accuracy by an expert [is] an insufficient measure of reliability.” McLemore, 863 So.2d at 37 (quoting Kumho Tire, 526 U.S. at 157, 119 S.Ct. 1167). Nothing before the trial court showed that Dr. Matherne’s fist-demonstration testimony exhibited the ‘intellectual rigor that characterizes the practice of an expert in the relevant field.”’ McLemore, 863 So.2d at 37-38 (quoting Kumho Tire, 526 U.S. at 152, 119 S.Ct. 1167).
¶ 71. I would find that Dr. Matherne’s fist-demonstration testimony was unreliable and that its admission was error. However, because other evidence established Bateman’s penetration of Rene, I would find that the error was harmless beyond a reasonable doubt. For these reasons and the reasons stated in my separate opinion in Anderson, I respectfully concur in part and in the result.
DICKINSON, P.J., JOINS THIS OPINION.